CARTER, Judge:
This is a suit for damages for personal injuries.
On March 1, 1979, plaintiffs, Mr. and Mrs. L.J. Fiduccia, went to Sherwood Nursery and Garden Center to purchase some topsoil and cross-ties with which to make a garden. Sherwood Nursery and Garden Center delivered the cross-ties the following day and stacked them near the concrete apron of the driveway in the Fiduccia’s backyard. The nursery, however, was unable to supply their customers with topsoil, but made arrangements with John C. Morgan to have the soil delivered to the Fiduc-cia’s home.
On March 6, 1979, Eddie Gray, driver of Morgan’s dump truck, arrived at the Fiduc-cia home to deliver the topsoil. As agreed between Mrs. Fiduccia and Gray, he would back the dump truck to the spot Mrs. Fi-duccia wanted the soil placed and she would help direct him. Mrs. Fiduccia had expressed concern that Gray might hit or dislodge the gate posts with the side mirrors of his truck. She, therefore, positioned herself at the back of the driveway and walked from one side to the other behind the truck to make certain Gray cleared the gate.
The truck continued to back onto the Fiduccia driveway. When the truck safely cleared the gate, the truck either accelerated or the engine revved up. Believing the truck might back over her, Mrs. Fiduccia stepped off of the driveway and fell over the cross-ties. As a result, Mrs. Fiduccia suffered a dislocated ankle, a torn deltoid, and multiple cuts and bruises.
Plaintiffs filed suit on October 29, 1979, against Sherwood Nursery and Garden Center, Inc. (Sherwood), the seller of the cross-ties; Hartford Accident and Indemnity Insurance Company (Hartford), the liability insurer of Sherwood; John C. Morgan d/b/a John C. Morgan Trucking Company (Morgan), the owner of thé dump truck; American Southern Insurance Company (American Southern), the liability insurer of Morgan; Prudential Property and Casualty Insurance Company (Prudential), plaintiffs’ homeowner insurer; and American Motorists Insurance Company (American Motorists), plaintiffs’ uninsured automobile insurer.[1]
After trial on the merits, the trial court rendered judgment in favor of defendants and against plaintiffs. The court found that while Gray was negligent in the operation of his vehicle, Mrs. Fiduccia was con-tributorily negligent barring any recovery. From this judgment, plaintiffs appeal.
Plaintiffs specify the following errors:
(1) The trial court erred in finding that Mrs. Fiduccia was contributorily negligent so as to bar her recovery; and
(2) The trial court erred in not awarding plaintiffs, as general damages, a sum of not less than $50,000, together with an award for all special damages.
ASSIGNMENT OF ERROR NO. 1
Plaintiffs contend that the trial court erred in finding that Mrs. Fiduccia was contributorily negligent so as to bar her recovery. Plaintiffs further reason that under the doctrine of sudden emergency, she is not guilty of negligence.
The Louisiana Supreme Court in Dupas v. City of New Orleans, 354 So.2d 1311 (La.1978) stated:
“Contributory negligence is conduct on the part of the plaintiff which falls below the standard to which he should conform for his own protection. The standard of conduct to which the plaintiff must conform for his own protection is that of a reasonable man under like circumstanc *203 es. The party relying upon contributory negligence has the burden of proving it.
Failure to take every precaution against every foreseeable risk or to use extraordinary skill, caution, and foresight does not constitute negligence or contributory negligence _ [The victim] is required only to use reasonable precautions, and [his] conduct in this regard is not negligent if, by a commonsense test, it is in accord with that of reasonably prudent persons faced with similar conditions and circumstances.”
Further, a person is deemed to have seen that which a reasonably prudent observer could have seen or should have seen under the same or similar circumstances. Jackson v. Tri-State Elevator Co., Inc., 401 So.2d 538 (La.App. 3rd Cir.1981).
In finding that Mrs. Fiduccia was contributorily negligent, the trial court found that Mrs. Fiduccia knew the truck driver was going to back up and was, in fact, directing him to do so. The trial judge further reasoned that, as an experienced driver, Mrs. Fiduccia should have known that when she could no longer see Gray in the side mirrors, Gray could not see her either. Additionally, the trial judge found that Mrs. Fiduccia should have known of the location of the cross-ties. The cross-ties had been stacked in her yard, in the spot she designated, for three to four days. The trial judge correctly concluded that Mrs. Fiduccia was contributorily negligent, in that she should not have placed herself behind a backing truck and she should not have stepped into the cross-ties, which she knew were there, and properly denied recovery to her.
Plaintiffs contend Mrs. Fiduccia is not guilty of negligence under the doctrine of sudden emergency.
The doctrine of sudden emergency provides that one who suddenly finds himself in a position of immediate peril, without sufficient time to consider and weigh
all circumstances or find the best means to avoid an impending danger, is not guilty of negligence if he fails to adopt what subsequently and upon reflection may appear to have been a better method. Bialy v. State, Etc., 414 So.2d 1273 (La.App.3rd Cir.1982), writ denied 417 So.2d 367 (La. 1982). The application of this doctrine, however, requires that the emergency, in which the party claiming the benefit of the doctrine finds himself and which requires him to act, did not come about as a result of his own negligence. Kaplan v. Missouri-Pacific R. Co., 409 So.2d 298 (La.App.3rd Cir.1981).
Plaintiffs strenuously argue that a sudden emergency arose when Gray suddenly accelerated the truck and was the result of his negligence alone. In answer” to the appeal, Gray contends that he was not negligent.[2]
Although Mrs. Fiduccia may have been startled by the noise of the truck or surprised by the nearness of the approaching truck, this was due to her own inattentiveness rather than the negligence of Gray. Therefore, the doctrine of sudden emergency is inapplicable in the present case.
This assignment lacks merit.
ASSIGNMENT OF ERROR NO. 2
Because of our ruling in the previous assignment of error, we need not consider plaintiffs’ argument on damages.
For the above reasons, the judgment of the trial court is affirmed at plaintiffs' costs.
AFFIRMED.

. Plaintiffs dismissed their suit against Prudential and American Motorists and settled their claim with Sherwood and Hartford.

. Defendant in brief argues that he was not negligent in the operation of his vehicle. Defendant, however, did not appeal the finding of the trial court. Furthermore, because of our ruling on the inapplicability of the doctrine of sudden emergency, the outcome of the case is not affected.